**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
EDMEE FRANCE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMEE FRANCE,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL, HAMMER & WHITE, APC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1) **THE FAIR DEBT COLLECTION PRACTICES ACT § 15 U.S.C. 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff EDMEE FRANCE ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of SUTTELL, HAMMER & WHITE, APC ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises out of violation of federal law.

10. This action arises out of Defendant' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

11. Because Defendant does business within the State of California, personal jurisdiction is established.

12. Plaintiff is a natural person who resides in the City of Rowland Heights, County of Los Angeles, State of California.

13. Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391(c)(1), and therefore resides within the judicial district in which this lawsuit is brought.

14. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant tried to collect the alleged debt owed, Plaintiff was physically located in the City of Rowland Heights, County of Los Angeles, State of California.

15. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons:

(i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because:

    a) Defendant are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district;

    b) Defendant do substantial business within this district

    c) Defendant are subject to personal jurisdiction in this district because they have availed themselves of the laws and markets within this district; and

    d) The harm to Plaintiff occurred within this district.

### PARTIES

16. Plaintiff is a natural person who resides in the City of Rowland Heights, County of Los Angeles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a corporation incorporated under the laws of the State of California with its principal place of business in the City of Bellevue, State of Washington. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Defendant is a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

debts owed or due or asserted to be owed or due another and is therefore are "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

20. Sometime before July 2011, Plaintiff allegedly incurred certain financial obligations through two loans to third parties: (1) an alleged debt with account number XXXXXXXXXXXX1591 issued and/or serviced by the original creditor, BENEFICIAL CALIFORNIA, INC.; and (2) an alleged debt with account number XXXXXXXXXXXX1630 issued and/or serviced by the original creditor, BENEFICIAL FINANCIAL I, INC.

21. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt or whether this alleged debt was actually owed.

23. On or about August 27, 2008, in attempt to collect on the alleged debt, BENEFICIAL CALIFORNIA, INC. filed a collections Complaint in the Superior Court of California, County of Los Angeles, styled as *Beneficial California, Inc. v. Edmee France*, Case No. 08B04739. Plaintiff later learned through the communications from Defendant described below that a default judgment was entered against Plaintiff in this action on or about January 20, 2009.

24. On or about July 16, 2011, in attempt to collect on the alleged debt, BENEFICIAL FINANCIAL I, INC. filed a collections Complaint in the Superior Court of California, County of Los Angeles, styled as *Beneficial Financial I, Inc. v. Edmee France*, Case No. 11B03727. Plaintiff later learned through the communications from Defendant described below that a default judgment was entered against Plaintiff in this action on or about September 23, 2011.

25. Subsequently, sometime before November 2014, the alleged debt was assigned, placed, or otherwise transferred to CAVALRY SPV I, LLC ("Cavalry") for collection.

26. Sometime before November 25, 2014, Cavalry retained Defendant to represent Cavalry in its attempts to collect upon the alleged debt.

27. Sometime before November 25, 2014, Defendant sent Plaintiff a dunning letter referencing an alleged debt owed to Cavalry.

28. In response, on or about November 25, 2014, Plaintiff sent Defendant a letter disputing the validity of the alleged debt and requesting verification of the alleged debt allegedly owed to Cavalry.

29. On or about December 14, 2014, Defendant sent a dunning letter dated December 14, 2014 to Plaintiff referencing the alleged debt associated with account number XXXXXXXXXXXX1630, and stating that Cavalry had retained Defendant to collect this alleged debt.

30. This letter that Defendant sent to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a).

31. Sometime thereafter, Defendant placed a lien on Plaintiff's home and a levy on Plaintiff's bank account in attempt to collect upon the alleged debt.

32. Sometime thereafter, but before April 8, 2015, Plaintiff and Defendant agreed to a settlement to satisfy the alleged debt. As it is irrelevant to this

action, Plaintiff currently takes no position as to the validity of this alleged debt or whether his alleged debt was actually owed.

33. On or about April 8, 2015, Defendant sent Plaintiff's son, Carl Herard, two letters via e-mail regarding settlement of the alleged debt owed to Cavalry.

34. Plaintiff's son received an email with a letter from Defendant referencing the alleged debt with account number XXXXXXXXXXXX1591 issued and/or serviced by the original creditor, BENEFICIAL CALIFORNIA, INC. This letter stated that a settlement had been authorized for this alleged debt in the amount of $5,820.00, with the first payment to be received by Defendant by April 30, 2015.

35. Plaintiff's son received another email with a letter from Defendant referencing the alleged debt with account number XXXXXXXXXXXX1630 issued and/or serviced by the original creditor, BENEFICIAL FINANCIAL I, INC. This letter stated that a settlement had been authorized for this alleged debt in the amount of $6,220.00, the first payment to be received by Defendant by April 30, 2015.

36. In response to these letters (*see* ¶¶ 34-36), on or about April 11, 2015, Plaintiff's son, on behalf of Plaintiff, sent two cashier's checks to Defendant, each for the full amounts demanded in each of Defendant's letters in settlement of the alleged debt, via USPS Priority Mail Express with Signature Confirmation and Tracking Number EK801187895US.

37. According to the USPS tracking information for the envelope Plaintiff sent to Defendant, the abovementioned checks were received by Defendant on April 15, 2015 at 7:26 a.m. and the envelope was signed for by "R KRISTIANSON" at Defendant's office.

38. Subsequently, despite the parties' agreement to settle the alleged debt, Plaintiff received a letter from Defendant dated April 15, 2015, referencing the alleged debt with account number XXXXXXXXXXXX1591 issued

and/or serviced by the original creditor, BENEFICIAL CALIFORNIA, INC., which stated that it was in response to Plaintiff's request for validation, and enclosed a copy of the default judgment entered against Plaintiff on January 20, 2009. The letter further stated that "[t]his validates the debt and [Defendant] have been instructed to proceed to collect unless satisfactory repayment arrangements are made."

39. Plaintiff also received another letter from Defendant dated April 15, 2015, referencing the alleged debt with account number XXXXXXXXXXXX1591 issued and/or serviced by the original creditor, BENEFICIAL CALIFORNIA, INC., confirming Defendant's receipt of Plaintiff's cashier's check in the amount of $5,820.00. However, Defendant's letter stated there was a remaining balance of $3,169.08 despite the parties' settlement of the alleged debt.

40. Thereafter, Plaintiff received a letter from Defendant dated April 17, 2015, referencing the alleged debt with account number XXXXXXXXXXXX1591 issued and/or serviced by the original creditor, BENEFICIAL CALIFORNIA, INC., which stated that the "matter has been settled in full. We are no longer handling this account."

41. Despite Defendant's receipt of the cashier's checks sent by Plaintiff in settlement of the alleged debt, as alleged in further detail above, Defendant has failed to file a satisfaction of judgment with the court presiding over the collections action preceding this matter.

42. Despite Defendant's receipt of Plaintiff's cashier's checks on April 15, 2015 and written acknowledgment that Plaintiff's alleged debt was settled in full, Defendant has continued to date to levy and/or otherwise place a hold on the funds in Plaintiff's bank account in attempt to collect an alleged debt, thereby limiting Plaintiff's use of her account and causing Plaintiff to incur various charges and fees from Plaintiff's bank.

43. Through the above-alleged conduct, Defendant attempted to collect an amount of money from Plaintiff when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant has violated 15 U.S.C. § 1692f(1).

44. On or about December 28, 2015, Defendant mailed Plaintiff a written communication which enclosed copies of what appears to be a Substitution of Attorney form dated July 9, 2015 accompanied by a Proof of Service dated July 16, 2015; and a copies of a document entitled "Acknowledgment of Assignment of Judgment" dated July 16, 2015. This letter that Defendant sent to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2),

45. Through the above-alleged conduct, Defendant made false, deceptive, or misleading representations to Plaintiff in connection with Defendant's attempt to collect an alleged debt. Consequently, Defendant has violated 15 U.S.C. § 1692e.

46. Through the above-alleged conduct, Defendant made false, deceptive, and/or misleading representations to Plaintiff regarding the character, amount, or legal status of an alleged debt. Consequently, Defendant has violated 15 U.S.C. § 1692e(2)(a).

47. Through the above-alleged conduct, Defendant threatened to take an action that cannot legally be taken against Plaintiff in connection with an alleged debt. Consequently, Defendant has violated 15 U.S.C. § 1692e(5).

48. Through the above-alleged conduct, Defendant used deceptive means to collect an alleged debt from Plaintiff. Consequently, Defendant has violated 15 U.S.C. § 1692e(10).

49. Through the above-alleged conduct, Defendant used unfair and/or unconscionable means to attempt to collect an alleged debt from Plaintiff. Consequently, Defendant has violated 15 U.S.C. § 1692f.

50. Defendant's forgoing conduct constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, et seq.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §§ 1692 ET SEQ.

51. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- any and all other relief that this Court deems just and proper.

//
//

# TRIAL BY JURY

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 1, 2016            **KAZEROUNI LAW GROUP, APC**

BY:    /s/ ABBAS KAZEROUNIAN
         ABBAS KAZEROUNIAN, ESQ.
         MONA AMINI, ESQ.
         ATTORNEYS FOR PLAINTIFF